v. Sealed v. Sealed v. Sealed Okay, Mr. Bogan. May it please the court. Brad Bogan for Sealed Appellant. We've raised two issues in this case. The first one concerning a couple of conditions of supervised release and the substance of reasonableness of the sentence. Unless the court prefers otherwise, I'll focus on the first issue with the supervised release conditions. Here, the district court plainly erred by imposing conditions that require appellant to undergo a sex offender assessment and then sex offender treatment while on supervised release. Conditions, special conditions of supervised release like this are permissible only if they're reasonably related to certain statutory factors and they also cannot be a greater deprivation of liberty than necessary to serve those factors. Now, that said, and as the court suggested in the letter ordering supplemental briefing, the record is less than clear on exactly what the conditions are and what it is that appellant has to do and the probation officer has to do to supervise him. It seems that each of you argued that the record was clear your way on the 28Js. Well, I think there is a best reading of the record, which would be that the district court meant to require a sex offender assessment but to require treatment only if the outcome of that assessment is that appellant continues to present a danger to the public. Okay, that's not what the oral pronouncement says. Well, the oral pronouncement says you need to have an assessment but also you must go to treatment. Well, the oral pronouncement also says, first the judge said you will have an assessment and then the judge says an assessment is recommended and so there's, you know, an internal contradiction right there in what the court said at sentencing. Why shouldn't we just send it back? Well, I think one possibility and perhaps the best way to deal with it would be a limited remand to the district court for the court to explain exactly. Clarification of what the court intended with the understanding that if you don't need the treatment you shouldn't be assigned to it. Yes. And also the question of who it is that makes the determination that he's dangerous enough to require treatment. Because they can make a recommendation but the court can't delegate to probation or anyone else to make that determination. Correct. Under our case law. Correct. And I think that would probably be the easiest way to resolve this case. We're not striking anything down but just ask the court to clarify in light of the rules. Right. And then depending on what the court says, you know, this court would of course retain jurisdiction over the appeal pending the response from the district court. Unless the court has any other questions, I'll cede the floor to the government. Substantive reasonableness in light of the grant absurd in that case, do we need to look at it under any other standard than what we normally would? Well, and the government in that case has conceded that there is no additional requirement for a defendant to object after a sentence is imposed to preserve a substantive reasonableness challenge. So I don't know how that case is going to turn out but I think that, yes, this court would just review the substantive reasonableness of the sentence. Straight up. Not with any deference. Correct. Okay. All right. Thank you. Mr. Kagan. Mr. Kagan. Good morning. May it please the Court. Your position is that this is only a recommendation and not a condition, right? As to that particular section, that's correct. There's no need to send it back, right? Well, and to the extent, and I think that's the question, and quite candidly, if you look at the pre-sentence report, you can see where the probation officer laid out several special conditions. The district court attempted to, I believe, incorporate those special conditions into the record. Some of them were phrased as recommendations. I believe they are not conditions. So the only ambiguity that exists is between whether requiring the defendant to undergo an assessment and also mandating that he have sex offender treatment, whether those two things are harmonized, which I think they could be. The assessment could be to determine whether he's dangerous, but then again, it doesn't say that. The oral pronouncement doesn't say that. And so the assessment could be to determine what exactly his sex offender treatment should entail. So in my preparation, I do not believe that there is a recommendation that creates the ambiguity that a remand would be required in this case. Number one, I don't think there's any dispute. The district court can require this defendant to have sex offender treatment.  court can require this defendant to have sex offender treatment. And the cases are clear that the nature and circumstances of the defendant, that this sort of condition could be imposed. I don't believe that there is a necessary conflict between the oral pronouncement and the written judgment. I think as we explained in our supplemental briefing, that to the extent that there could have been one, it was under the assumption that that was a condition, which we say, I think accurately, it's not a condition. The written judgment says that it appears to create the delegation problem in the written judgment. You cannot delegate for them to make the decision as to whether they will proceed with the treatment. That's against our precedent. Correct, if I could. So I believe we're talking about condition five at this point. If I'm numbering them in sequential order. And that is the one that begins with the defendant shall register as a sex offender. Then it goes on to say that it recommends an assessment. I'm doing this from memory right here. And then following that, it talks about what could be perceived as a delegation issue. Should the sex offense specific assessment determine that the defendant shall participate? And I believe that that is linked to the preceding statement that says that it's a recommendation. So what is supposed to happen then? So I believe that all of that is just a recommendation. What does that mean? What will happen? In this case, as I understand, if you were to look at it under conditions three and conditions four, that he will have an assessment and that he will attend sex offender treatment. That's what the assessment shows. Exactly. And so it doesn't really matter what the assessment determines, whether he's a danger or not. That's exactly right. Then why does it say should they determine that he's a danger, then it makes it a conditioned precedent to his treatment. And that seems to be in conflict with the oral pronouncement. Well, where I had looked at it was that that sentence follows immediately the preceding sentence in that provision is that it's recommending, if I'm not mistaken. Excuse me. Yeah, go ahead and get it. That's fine. The assessment is recommended to determine if he's a danger, and then it says if he's a danger, then he shall have the treatment. So should that sentence be stricken, the second sentence? I would say that the whole provision, starting with a sex offense specific assessment, is recommended to determine, number one, that's not a condition. Number two, should the sex offendant specific assessment determine the defendant is still a danger, follows from that. I had highlighted, I believe that all of that is simply not a condition. It's just a plusage. So to the extent that the Court believes that this creates an ambiguity with number three, if you look up above, where it     ambiguity with number three, if you look up above, where it says. So they update in the sex efficient assessment. So. Exactly. So that same language appears twice in two different conditions. And should this Court believe that that creates an ambiguity as to that limited, I think that a limited remand for factual resolution by the District Court, what it intended would be appropriate. Because you can't delegate to the, to them to determine whether or not, and because it includes these, these documents that you can order it regardless. Yes. But it seems odd that you're doing the assessment to determine if, and make it conditional, if you're already ordering the thing regardless of what the outcome of the determination is. And that is where I believe that if there is an ambiguity, that's where it exists. That there are direct provisions shall participate in number three. The defendant shall participate in sex offender treatment in number four. And then you have this. Should it. Yes. Then you shall. Which is, which limits it in a way that's not consistent with the previous two things you just read. Or the oral pronouncement necessarily. Yes. It's contrary to oral pronouncement. Can we just strike that sentence? So under. Judgment. Absolutely. Under this Court's precedent, the oral pronouncement controls. And just strike that contrary sentence. And we don't have to send it back at all. Just strike that out. If you believe that, and I think that they can be harmonized in such a way that a remand would not be required. But to the extent that you find that there is an ambiguity. I don't understand how there's not an ambiguity. Because it does. It's a condition precedent. And I think that has to do with whether you believe that it's linked to the preceding sentence. Admittedly, I don't. I wouldn't. Pretend to stand here and say that this is not a model. It's not a model of clarity. There are inconsistencies between three and five. That have been identified. And to the extent that we argued in our supplemental brief. That the delegation problem went away. Because all of this was simply. Surpluses. If it's surpluses, you can go. Yes. Exactly. All right. Thank you, Mr. If there are no further questions. Brogan. What about just striking that language without a remand? So the language that would be stricken. Would be the. Should the assessment determine dangerousness. Well. Then. You still have the problem that Judge Elrod identified. Of what is the purpose of an assessment. If treatment is mandatory. Now it may be. Well. I mean. It may be the case that. Treatment is a standalone requirement. That an assessment would be part of that. In order to determine what the course of treatment. Should be. But then that would make the. The condition that he shall participate in the assessment. Itself surpluses. Well. Unless you think an assessment will let you know how far down the road. He is. Because it's been a long time since he's had an incident. Allegedly. Because you know. That sort of thing. Right. Which is why it would make sense to. For the court. For the district court to have intended that. There be an assessment. And then depending on the outcome of that assessment. That's not what the oral pronouncement was. And we have to go with the oral pronouncement. Well the problem is that the oral pronouncement. Is itself contradictory. It says you shall undergo an assessment. And then the court said. It's well. Before saying treatment the court says. Let me get the exact language here. And this is it. Pages 181 and 182. Of the record. After announcing. The special assessment and the fine. The court says. The court special conditions will be as follows. You will be ordered to participate in a sex offense. Specific assessment. And then you'll pay the cost if able. And then at the bottom. You will be ordered to register as a sex offender. A sex specific. Sex offense specific assessment. Is recommended. To determine if you are still a danger to the community. This is a sex. Specific treatment program. And submit to periodic polygraph testing. That's the. That's the next paragraph. So immediately before that. You will be ordered to participate in sex offense. Specific treatment program. And then submit to polygraph testing. So that makes it mandatory. Even if the other sort of subtly. Would not. Well. I think there's still. Reading the record as a whole. And ambiguity here. And the law on. Ambiguity in the oral pronouncement. As well as construing the oral pronouncement. In juxtaposition with the written judgment. Yes I think there is. But do you disagree that we have the authority. To strike the written judgment. If we were to believe that the inconsistency. Is between the written judgment. And the oral pronouncement. I'm not sure that the court could do that. Because we take the oral pronouncement. Over the written judgment. We do that all the time. Well to the extent that the oral pronouncement. Or excuse me. That the written judgment. Imposes a more burdensome condition. Than the oral pronouncement. Here it's actually the opposite of that. The oral pronouncement is more severe. Than the written judgment. And as Mr. Gay pointed out. The pre-sentence report listed. All of these as. Optional special conditions. And if you compare the language. Of the judgment and the pre-sentence report. They're word for word identical. Did they try to get this cleaned up. In the district court earlier. Was there any movement. To try to get it cleaned up originally. No there wasn't. Because sometimes the district court. Will clean it up. While they still have the jurisdiction over it. And then just moves out all of this. Well there's actually some other cases. That my office has right now. In which another panel suggested. That the district court does not have jurisdiction. It can during this limited time window. And then it loses jurisdiction. Well once the notice of appeal is filed. At least in these other cases. The panel's view was that. The district court lost jurisdiction. To correct any errors. In the case of a conflict. Between an oral pronouncement. And the written judgment. I can't remember the name of that case. I don't know that case. But there's a time before the notice of appeal is filed. Well I can't speak to why. There wasn't any attempt to do that. I don't know. All right thank you Mr. Bogan. Your case and all of today's cases are under submission.